7
Geoffrey Richards
Chapter 7 Bankruptcy Trustee
PO Box 579
Orinda, CA 94563
916-288-8365

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

**SCOTT R. SEYMORE**

**NANCY L. SEYMORE**

        Debtor(s).

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 10-21012- A -7

DCN: GMR - 002

DATE: JANUARY 3, 2012
TIME: 10:00 A.M.
PLACE: DEPT. A; COURTROOM 28
JUDGE: HON. MICHAEL S. MCMANUS

**TRUSTEE'S VERIFIED MOTION FOR ORDER AUTHORIZING
SALE OF ESTATE ASSETS AND FOR APPROVAL OF RELATED
COMPROMISES OF CONTROVERSIES**

    GEOFFREY RICHARDS, the duly appointed Chapter 7 Trustee ("Trustee") in the pending bankruptcy case of Scott R. Seymore and Nancy L. Seymore ("Debtors"), Case No. 10-21012-A-7, files this Trustee's Verified Motion for Order Authorizing Sale of Estate Assets and for Approval of Related Compromises of Controversies (the "Motion"), and in support thereof represents as follows:

    1.  This case was originally filed as a Chapter 13 case on January 15, 2010 and then converted to a Chapter 7 case on April 20, 2011. The Trustee was appointed as the Chapter 7 Trustee in this case on April 20, 2011, and has served in that capacity at all times thereafter.

    2.  Jurisdiction for the filing of this Motion exists pursuant to 28 U.S.C. sections 157 and 1334; 11 U.S.C. section 363; Federal Rules of Bankruptcy Procedure 6004 and 9019; and the reference to this court by the District Court for the Eastern District of California.

3. As set forth herein, the Trustee requests authorization to sell the estate's non-exempt equity in certain Personal Property Assets (defined below) to the Debtor, for the sum of **$9,500.00**, to compromise related controversies with the Debtor, and for approval of a related Purchase and Sale Agreement, Including Related Releases ("Agreement") entered by and between the Trustee and the Debtors. A true and correct copy of the Agreement is attached as Exhibit "A" to the Exhibits Cover Sheet filed and herewith.

4. On their Amended Schedule B, filed May 23, 2011, the Debtors listed the following bank account assets ("Bank Account Assets"):

**Account Name/Scheduled Amount**
Wells Fargo Checking Account
(Account No. ending 1576)
Per Schedule B - $500.00
Per bank statement: $797.00
Debtor's exemption: $500
**Non-exempt: $297**

Wells Fargo Checking Account
(Account No. ending 1567)
Per Schedule B: $1,000.00
Per bank statement: $2,423.00
Debtor's exemption: $1,000
**Non-exempt: $1,431**

**Total non exempt equity from bank accounts: $1,728.00**

5. On their Amended Schedule C, filed May 23, 2011, the Debtors claimed an exemption in the amount of $500.00 in the Wells Fargo Checking Account and an exemption in the amount of $1,000.00 in a second Wells Fargo Checking Account, both pursuant to Cal Code Civ. Proc. Sec. 703.140(b) (5) ("Bank Account Exemptions"); leaving non-exempt equity in the Bank Account Assets of $1,728.00.

6. The Debtor's Amended Schedule B also listed the following assets subject to the noted exemptions:

    a. 147 Shares in Host Hotels stock, in the amounts of $2,205 ("Stock"). The Debtors did not exempt any part of the Stock.

    b. 2001 Ford Ranger vehicle ("Ford"), valued at $5,605.00. The Debtors used

exemption §704.010 of $2,725 towards this vehicle. The remaining value of $2,880 was not exempt.

c. 2000 Chevrolet Tahoe vehicle ("Chevrolet"), valued at $5,355.00. The Debtors did not exempt the Chevrolet.

(The non exempt portion of the Bank Account Assets, the Stock, the Ford and the Chevrolet collectively ("Personal Property Assets".)

7. The Debtors have scheduled no liens or encumbrances against the Personal Property Assets on Schedule D.

8. As set forth in greater detail in the Agreement, the Trustee has agreed to accept the **total sum of $9,500 ("Personal Property Payment")** from the Debtors for the estate's interest in the Personal Property Assets. The Personal Property Payment has been received by the Trustee in full and is comprised of the following amounts:

a. **Bank Account Assets: $1,728.00;**

b. **Stock: $2,205.00;**

c. **Ford: $1,890.00;**

d. **Chevrolet: $3,677.00.**

9. The sale of the Personal Property Assets is on an "as is," "where is," basis, with no representations or warranties of any kind whatsoever. The Debtors will be responsible for any and all sales, transfer, use or other taxes, and all licenses, registration, or other fees due or incurred in connection with the sale of the Personal Property Assets. The Debtors are also responsible for payment of any income or other tax associated with the Stock asset.

10. The Agreement has been made with respect to the Personal Property Assets enumerated in this Motion only. Should any exemption claimed by the Debtor be disallowed, the Trustee and the estate will be free to pursue the assets for which the exemption has been disallowed. Further, the Debtors have expressly and irrevocably agreed to not amend their Schedule C to assert an exemption covering the Personal Property Assets (other than the Bank Account Exemptions previously claimed).

TRUSTEE'S VERIFIED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT - 3

11. The Trustee believes that the sale of the Personal Property Assets on the terms set forth herein and in the Agreement is fair and reasonable, and in the best interests of the estate and its creditors.

12. Because the Trustee has agreed to accept less than the full scheduled value of the Ford and the Chevrolet, the sale of those items is subject to overbidding at the hearing on this Motion. The Trustee proposes the following overbidding terms:

    a. Overbidding may occur separately for the Ford and Chevrolet. The Trustee proposes that overbidding occur in increments of $500.00 on each asset, with the initial overbidding increments being as follows: Ford: $2,390.00; Chevrolet: $4,177.00.

    b. The Trustee proposes that any persons or entities wishing to bid on those assets be required to first become a qualified overbidder ("Qualified Overbidder") in the manner set forth below. No later than Friday, December 30, 2011, any person or entity wishing to become a Qualified Overbidder must deliver to the Trustee a non-refundable deposit in the amount of $500.00 for each asset on which such person or entity wishes to bid ("Overbidder Deposit"), in the form of cash, cashier's check or money order made payable to "Geoffrey Richards, Chapter 7 Trustee of the Scott R. Seymore and Nancy L. Seymore Bankruptcy Estate," and demonstrate to the Trustee the ability to pay the purchase prices for the relevant asset or assets on terms identical to those set forth in the Agreement. The Overbidder Deposit shall be delivered to the Trustee by mail at P.O. Box 579, Orinda, CA 94563. If the Debtors are the highest bidders, they shall pay their high bid for the estate's interest in the assets for which they are the highest bidder. In the event that the Debtors are not the highest bidder on the Ford and Chevrolet, at the hearing on the Motion, the Agreement with the Debtors shall be of no further effect with respect to those assets for which they are not the high bidder, and the original purchase prices for those assets shall be deducted from the Personal Property Payment. If full payment from the high bidder(s) is not timely received, and the Debtors elect to be approved as a backup buyer, the Debtors shall be obligated to pay their highest bid for each of the relevant assets. If any winning overbidder defaults in the payment of its winning bid, the Overbidder Deposit and any payments made toward the winning bid shall become non-refundable, and may be administered as assets of this estate.

TRUSTEE'S VERIFIED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT - 4

c. The Trustee proposes to compromise certain claims with respect to the Personal Property Assets (as to their purchase prices, and possible claims of the estate against the Debtors related to those assets). The settlement of those issues/claims can be characterized as a "sale" to the Debtors, subject to overbidding. The Trustee does not propose overbidding terms for those issues/claims, which are inherently difficult to value, and will ask the Court to set appropriate overbidding procedures at the hearing on the Motion should any third parties express an interest in bidding.

13. The Trustee further requests approval of the Motion as a compromise of controversies, and for approval of the Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019(a). The proposed compromises that are the subject of this Motion relate to: a) the discounted purchase prices which the Trustee has agreed to accept for the Ford and the Chevrolet; and b) the mutual releases between the Trustee/estate and the Debtors concerning any claims relating to the Personal Property Assets.

14. As set forth in the case of In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988), the Bankruptcy Court has great latitude in approving compromise agreements. However, the court may approve a compromise only if it is "fair and equitable." Id. In the Woodson decision, the Ninth Circuit outlined the following factors to be considered in reviewing a proposed settlement:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d. The paramount interest of the creditors and deference to their reasonable views in the premises. Id. (quoting In re A&C Properties, 784 F.2d. 1377, 1381 (9th Cir. 1986).

15. With respect to the Bank Account Assets and the Stock, the Debtors have agreed to a turnover of the full non-exempt scheduled value of those assets. The Trustee has agreed to accept discounted payments for the estate's non-exempt interest in the Ford and the Chevrolet. The Agreement also contains mutual releases exchanged between the Trustee/estate and the Debtors concerning the Personal Property Assets. With respect to the

Bank Account Assets and the Stock Asset, the Trustee could seek to compel immediate turnover of those assets. The probability of success in such litigation is high, however, the compromises outlined in this Motion and in the Agreement allow the estate to manage the risks and reduce the costs which necessarily come with any litigation.

16. Collectability is a significant factor favoring settlement. As an alternative to entering into the Agreement, the Trustee could attempt to sell the Ford and Chevrolet to third parties, and could commence an adversary proceeding against the Debtors for turnover of the cash or near-cash Personal Property Assets. It is unlikely that the Trustee would be able to collect on any judgment against the Debtors, or liquidate the Ford or Chevrolet, significantly faster than the payment terms proposed in the Agreement.

17. Seeking turnover of any of the assets described in the Agreement, and litigation of any related disputes, is not legally complex, although investigating the whereabouts of the near-cash assets could be somewhat complex. The global resolution negotiated between the Trustee and the Debtors concerning the Personal Property Assets will allow the estate to realize value from those assets, while avoiding the delay and administrative expense associated with litigation.

18. The interests of creditors are very well served by the Agreement and the compromises outlined in this Motion. Fundamentally, the estate will be able to generate a favorable recovery of approximately $9,500.00 from the Personal Property Assets, while avoiding the administrative expense and delay of collecting and liquidating those assets. The overbidding procedures described herein are designed to ensure that parties wishing to pay more for the assets are given an opportunity to do so.

19. Accordingly, the Trustee has concluded in the exercise of his business judgment that the proposed sale and compromises outlined in the Agreement are fair and equitable and in the best interests of the estate, and that they should be approved by the court under the <u>Woodson</u> factors.

WHEREFORE, the Trustee prays that the Court make its Order approving the above described Compromise and Settlement.

I declare under penalty of perjury that the foregoing is true and correct and that this document was executed on November 28, 2011, at Orinda, California.

/s/Geoffrey Richards
Bankruptcy Trustee

TRUSTEE'S VERIFIED MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT - 7